{¶ 71} I concur with the majority as to its analysis and disposition of all the assignments of error except assignment eleven. I agree with the disposition of that assignment but not the analysis.
 {¶ 72} In assignment of error eleven, appellant argues that the trial court erred in denying his September 7, 2007, request for copies of exhibits filed in an August 23, 2007, court hearing. The majority finds this to be an appeal of an October 31, 2007, final court order and, thus, untimely. October 31, 2007, is the date of the trial court's entry denying the September 7, 2007, request.
 {¶ 73} I find the October 31, 2007, entry of the trial court to be interlocutory in nature and, thus, not final and appealable. The hearing was held on August 23, 2007, and the Magistrate issued a decision on September 4, 2007. Objections were filed to this decision. Rulings on the objects were made on January 30, 2008, but it wasn't until the March 2008, entry that the trial court issued its final entry regarding these rulings. Therefore, I conclude that the trial court's October 31, 2007, ruling did not become final and appealable until the March 2008 entry, and that the issue is properly before this Court. Thus, the merits of the assignment should be dealt with by this Court.
 {¶ 74} In dealing with the merits, however, I concur with the disposition reached by the majority that this assignment should be overruled. The exhibits *Page 17 
about which the appellant sought a detailed description or copies were exhibits presented by appellant at the hearing. Appellant is responsible for keeping a copy of his exhibits and further did not set forth how he was prejudiced by the trial court's ruling. *Page 18 
 JUDGEMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs to Appellant. *Page 1